No. 3193.—LIZZIE TAYLOR, Administratrix, *v.* W. B. ROBERTSON and Wife.

The stipulation in a note and act of mortgage that the maker could not be required to pay it until a certain judicial mortgage resting on the land was raised, can not be invoked to defeat the plea of prescription after the judgment from which the judicial mortgage springs, has been paid.

In this case the record shows that an injunction, which had been granted to stay the sale of the property under this judicial mortgage, had been set aside by a decree of the Supreme Court on the ground that the judgment had been paid. This decree of the Supreme Court was, however, not filed in the recorder's office until after prescription had accrued on the note. Held—That, if the decree of the Supreme Court annulling the judicial mortgage was not of itself sufficient notice to the holder of the note that it was due and exigible, yet it was the duty of the holder of the note and the vendor of the land to have the judicial mortgage on the land erased from the records so soon as the decree of the Supreme Court had declared it void; and therefore, if he, the holder, failed to have the judicial mortgage erased from the records, he was estopped by his own *laches* from invoking the failure to record the decree of nullity to defeat the plea of prescription of the note which had been allowed to prescribe in his hands.

APPEAL from the Fifth District Court, parish of West Baton Rouge. *Posey*, J. *Fuqua & Callahan*, for plaintiff, and *Favrot & Lamon*, for defendant, W. B. Robertson, appellee. *Barrow & Pope*, for Mrs. M. J. Robertson, defendant and appellant.

HOWELL, J. This is a suit on a mortgage note, changed from the executory to the ordinary form, against W. B. Robertson, the maker of the note, and his wife, to whom the land mortgaged had been transferred in part payment of her judgment against her husband prior to these proceedings.

The prescription of five years is pleaded by both defendants, and in case this plea is not sustained, the wife abandons the property. From a judgment against the husband for [the amount of the note and against both recognizing the mortgage on said land, the wife alone has appealed.

The note was due on first January, 1859, and notice of the executory process was given to the debtor on eighth December, 1866. But plaintiff contends that prescription was suspended by a clause in said note and the act of mortgage by which it was stipulated that the maker of said note was not to pay the same and had the right to withhold the'

payment thereof until a certain judicial mortgage resting on the property was fully canceled and released.

This mortgage, it is contended, was raised by a decree of the Supreme Court, offered in evidence, which maintained an injunction against the execution of the judgment operating said mortgage, on the ground that said judgment was paid. This decree was recorded in the lower court on eleventh December, 1860. According to an indorsement on it, it was not filed in the recorder's office until first November, 1866. Plaintiff insists that prescription did not begin to run until this last date. In this view we do not concur. It was the duty of plaintiff's intestate, the holder of the note now in suit and the vendor of the land for the price of which it was given, to have said mortgage erased, and surely, when he was successful in the suit involving the validity thereof, he was in a condition to clear the records of the mortgage, even admitting the judgment of the Supreme Court, when final, did not have that effect, and his delay in doing so could not inure to his advantage on the question of prescription. When the said judgment of the Supreme Court became final, he could demand the payment of the note. The objection of plaintiff that this decree is not shown to be identified with the debt or mortgage referred to in the note, has no force. They seem from the record to be sufficiently connected. But if it were not so, there is yet no evidence that the mortgage is canceled, and, on plaintiff's theory, she would have no right to enforce payment in this suit. We think the note was prescribed when these proceedings were instituted.

It is therefore ordered that the judgment appealed from be reversed and set aside, so far as it affects the property of appellant, Mrs. Mary Jane Robertson, described in said judgment, and that there be judgment in her favor on plaintiff's demand for the seizure and sale of said property; plaintiff and appellee to pay costs of appeal.